UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JACOB ROBERT TEETS,

        Plaintiff,

v.

S. VANDERWAGON et al.,

        Defendants.
_____/

Case No. 1:24-cv-1249

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed *in forma pauperis*. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 12.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Vanderwagon, Unknown Party #1, and Douglas. The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Wakefield, Lanore, Unknown Party #2, Jacobson, and Parnell: official capacity claims and claims regarding the violation of Michigan Department of Corrections (MDOC) policy. Plaintiff's Eighth Amendment claims against Defendants Wakefield, Lanore, Unknown Party #2, Jacobson, and Parnell will remain in the case.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.      **Factual Allegations**

Plaintiff is presently incarcerated with the MDOC at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. The events about which he complains occurred at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. (*See* Compl., ECF No. 1, PageID.9.) Plaintiff sues the following LRF staff in their individual and official capacities: Warden S. Vanderwagon; Resident Unit Manager Unknown Party #1, named as John Doe; Prison Counselor Unknown Douglas; Sergeants Unknown Wakefield and Unknown Lanore; Shift Commander Unknown Party #2, named as John Doe, the shift commander on second shift on February 20, 2022; and Correctional Officers Unknown Jacobson and Unknown Parnell. (*Id.*, PageID.1, 2–5.)

In Plaintiff's complaint, he alleges that on the night of February 20, 2022, he "was moved from a bottom bunk to a top bunk in another unit by control center Shift Commander [Unknown Party #2]." (*Id.*, PageID.8.) Defendant Wakefield "escorted [Plaintiff] to [his] new assigned bunk." (*Id.*) Plaintiff showed Defendant Wakefield his "medical accommodation form" and "explained to [Wakefield that Plaintiff] had a bottom bunk detail" "due to [his] frequent seizures." (*Id.*) Defendant Wakefield told Plaintiff that "he could do nothing about it" and told Plaintiff "to kite the [prison counselor] in the morning." (*Id.*) "That night [Plaintiff] kited" Defendant Douglas and Defendant Unknown Party #1 by placing the kites "in the proper mailboxes." (*Id.*) In the morning, Plaintiff showed his medical accommodation form for his bottom bunk assignment to Defendants Lanore, Parnell, and Jacobson, and "none did anything to get [Plaintiff] moved." (*Id.*)

Subsequently, on the morning of February 23, 2022, Plaintiff "had a seizure and fell out of the top bunk and obtained multiple injuries." (*Id.*) Plaintiff "alerted [Defendant] Parnell [that

4

Plaintiff] had a seizure[]," and Parnell told Plaintiff that "it was logged into the unit log[]book." (*Id.*)

Plaintiff claims that Defendants Wakefield, Lanore, Douglas, Unknown Parties #1–2, Jacobson, Parnell, and Vanderwagon "all had a duty to make sure [Plaintiff] was safe and had proper living conditions" pursuant to MDOC policy. (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his Eighth Amendment rights. (*Id.*, PageID.6.)[2] Additionally, the Court construes Plaintiff's complaint to raise a claim that Defendants' actions violated MDOC policy.[3] (*See id.*, PageID.8.) As relief, Plaintiff seeks monetary damages. (*Id.*, PageID.11.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

---

[2] When setting forth his injuries, Plaintiff states that he "sustained back, neck and shoulder injuries" from the fall from his bunk, and he is "still dealing with [his] pain and kiting healthcare to have something done about [it]." (Compl., ECF No. 1, PageID.11.) Plaintiff specifically alleges that Defendants violated his Eighth Amendment rights when he was assigned to "a top bunk while having a bottom bunk detail"; Plaintiff does not allege an Eighth Amendment medical care claim against Defendants regarding the medical treatment he received for his injuries after the fall from his bunk, and the Court does not construe Plaintiff's complaint to raise such a claim. (*Id.*, PageID.6.) Moreover, even if Plaintiff had intended to raise an Eighth Amendment medical care claim against Defendants, this claim would be subject to dismissal because Plaintiff does not allege that Defendants had any involvement in the medical care that Plaintiff received after the fall from his bunk. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

[3] When setting forth his allegation regarding Defendants' "duty" to ensure proper living conditions, in addition to referencing MDOC policy, Plaintiff references "MCL 791.203." (Compl., ECF No. 1, PageID.8.) Mich. Comp. Laws § 791.203 discusses the appointment of "a director of corrections." In his complaint, Plaintiff specifically indicates that he is bringing claims under Section 1983 only. (Compl., ECF No. 1, PageID.6). Even if Plaintiff had intended to raise a state law claim regarding violation of Mich. Comp. Laws § 791.203, the claim would be dismissed for failure to state a claim because the referenced state law has no relevance to Plaintiff's claims against Defendants.

5

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

6

### A. Official Capacity Claims

Plaintiff sues Defendants in their official and individual capacities. (Compl., ECF No. 1, PageID.2–5.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under Section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Here, Plaintiff seeks monetary damages. (Compl., ECF No. 1, PageID.11.) However, an official capacity defendant is absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Therefore, Plaintiff may not seek monetary damages against Defendants in their official capacities, and he fails to state a claim against Defendants in their official capacities upon which relief can be granted.

Moreover, even if Plaintiff sought injunctive or declaratory relief, his transfer from LRF to SRF would moot his injunctive and declaratory claims. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v.*

*Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991).

For these reasons, Plaintiff has failed to state a claim against Defendants in their official capacities upon which relief can be granted. Accordingly, Plaintiff's official capacity claims against Defendants will be dismissed for failure to state a claim.

### B.   Eighth Amendment Claims

Plaintiff alleges that Defendants violated his Eighth Amendment rights when Plaintiff was assigned to a top bunk even though he had a bottom bunk detail due to "constant heavy seizures." (Compl., ECF No. 1, PageID.6.)

The Eighth Amendment protects against the denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). However, the Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

For a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[P]rison officials who actually knew of a substantial risk

8

to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

### 1. Defendants Vanderwagon, Unknown Party #1, and Douglas

As to Defendants Vanderwagon, Unknown Party #1, and Douglas, Plaintiff's only allegations against these Defendants are as follows: on the night of February 20, 2022, after he was moved to a top bunk, Plaintiff sent kites to Defendants Unknown Party #1 and Douglas by placing the kites "in the proper mailboxes;" and all three, along with the other Defendants, "had a duty to make sure [Plaintiff] was safe and had proper living conditions." (Compl., ECF No. 1, PageID.8.)

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," *Iqbal*, 556 U.S. at 676, and a claimed constitutional violation must be based upon active unconstitutional behavior. *See Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Here, although Plaintiff alleges that he sent kites to Defendants Unknown Party #1 and Douglas, Plaintiff fails to allege any facts showing that Defendants Unknown Party #1 and Douglas engaged in any active unconstitutional behavior because he alleges no facts to suggest that Defendants Unknown Party #1 and Douglas actually received the kites and then failed to act on the information contained in them. (*See* Compl., ECF No. 1, PageID.8.) Likewise, as to Plaintiff's conclusory assertion that Defendants Vanderwagon, Unknown Party #1, and Douglas "had a duty to make sure [Plaintiff] was safe and had proper living conditions," Plaintiff fails to allege any *facts* to show that these Defendants were personally involved in his bunk placement. (*See id.*); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

9

Moreover, to the extent that Plaintiff seeks to hold Defendants Vanderwagon, Unknown Party #1, and Douglas liable due to their supervisory positions, government officials, such as Defendants Vanderwagon, Unknown Party #1, and Douglas, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)).

Here, Plaintiff fails to allege any *facts* showing that Defendants Vanderwagon, Unknown Party #1, and Douglas encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in the conduct. Plaintiff alleges in a conclusory manner that Defendants "had a duty to make sure [Plaintiff] was safe and had proper living conditions" and that he sent kites to Defendants Unknown Party #1 and Douglas; however, these conclusory

10

allegations of supervisory responsibility are insufficient to show that these Defendants were personally involved in the alleged violations of Plaintiff's constitutional rights. *See, e.g.*, *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers*, 368 F.3d at 888.

Therefore, for the reasons set forth above, Plaintiff's Eighth Amendment claims against Defendants Vanderwagon, Unknown Party #1, and Douglas will be dismissed.

### 2. Defendants Wakefield, Lanore, Unknown Party #2, Jacobson, and Parnell

With respect to Defendants Wakefield, Lanore, Unknown Party #2, Jacobson, and Parnell, Plaintiff's alleges that each of these Defendants had some involvement in, or knowledge of, Plaintiff's move to and continued placement in a top bunk despite his bottom bunk detail due to seizures. (Compl., ECF No. 1, PageID.8.) At this stage of the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Therefore, the Court will not dismiss Plaintiff's Eighth Amendment claims against Defendants Wakefield, Lanore, Unknown Party #2, Jacobson, and Parnell on initial review.

### C. Claims Regarding Violation of MDOC Policy

Plaintiff claims that Defendants Wakefield, Lanore, Douglas, Unknown Parties #1–2, Jacobson, Parnell, and Vanderwagon "all had a duty to make sure [Plaintiff] was safe and had proper living conditions" pursuant to MDOC policy. (*Id.*)

Claims under Section 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertion that Defendants violated MDOC policy fails to state a claim under Section 1983.

11

Moreover, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation that Defendants violated prison policy fails to raise a cognizable federal claim.

Accordingly, for the reasons set forth above, Plaintiff's Section 1983 claims regarding the violation of MDOC policy will be dismissed.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Defendants Vanderwagon, Unknown Party #1, and Douglas will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Wakefield, Lanore, Unknown Party #2, Jacobson, and Parnell: official capacity claims and claims regarding the violation of MDOC policy. Plaintiff's Eighth Amendment claims against Defendants Wakefield, Lanore, Unknown Party #2, Jacobson, and Parnell remain in the case.

An order consistent with this opinion will be entered.

Dated:  January 27, 2025                          /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  United States Magistrate Judge