UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB ROBERT TEETS #759627,

        Plaintiff,                                      Hon. Robert J. Jonker

v.                                                         Case No. 1:24-cv-1249

S. VANDERWAGON, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Defendant Sgt. Wade Wakefield's Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 34.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **grant** Defendant's motion for summary judgment and **dismiss** Plaintiff's claim against Defendant Wakefield **without prejudice**.

**I. Background**

Plaintiff, who is currently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF), filed a complaint against several MDOC employees on February 21, 2024, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at Earnest C. Brooks Correctional Facility (LRF) in February 2022. Following initial review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. §

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

1997e(c), the Court permitted Plaintiff's Eighth Amendment claims against Defendants Wakefield, Lanore, Unknown Party #2, Jacobson, and Parnell to proceed. (ECF No. 13 at PageID.17.) The Court summarized Plaintiff's allegations as follows:

> In Plaintiff's complaint, he alleges that on the night of February 20, 2022, he "was moved from a bottom bunk to a top bunk in another unit by control center Shift Commander [Unknown Party #2]." (*Id.*, PageID.8.) Defendant Wakefield "escorted [Plaintiff] to [his] new assigned bunk." (*Id.*) Plaintiff showed Defendant Wakefield his "medical accommodation form" and "explained to [Wakefield that Plaintiff] had a bottom bunk detail" "due to [his] frequent seizures." (*Id.*) Defendant Wakefield told Plaintiff that "he could do nothing about it" and told Plaintiff "to kite the [prison counselor] in the morning." (*Id.*) "That night [Plaintiff] kited" Defendant Douglas and Defendant Unknown Party #1 by placing the kites "in the proper mailboxes." (*Id.*) In the morning, Plaintiff showed his medical accommodation form for his bottom bunk assignment to Defendants Lanore, Parnell, and Jacobson, and "none did anything to get [Plaintiff] moved." (*Id.*)
>
> Subsequently, on the morning of February 23, 2022, Plaintiff "had a seizure and fell out of the top bunk and obtained multiple injuries." (*Id.*) Plaintiff "alerted [Defendant] Parnell [that Plaintiff] had a seizure[]," and Parnell told Plaintiff that "it was logged into the unit log[]book." (*Id.*)
>
> Plaintiff claims that Defendants Wakefield, Lanore, Douglas, Unknown Parties #1–2, Jacobson, Parnell, and Vanderwagon "all had a duty to make sure [Plaintiff] was safe and had proper living conditions" pursuant to MDOC policy. (*Id.*)

(*Id.* at PageID.10–11.)

Defendant Wakefield now moves for summary judgment based on Plaintiff's failure to exhaust his administrative remedies on his claim against him.

## II. Discussion

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no

2

reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of his motion, Defendant Wakefield attaches a Step III Grievance Report for Plaintiff dated January 30, 2025, which shows the grievances arising out of LRF that Plaintiff initiated at Step I in or around February 2022 following the incident in question and pursued through Step III. (ECF No. 35-3.) The Step III report shows that Plaintiff pursued four grievances around this time, only one of which, Grievance LRF-22-03-0380-17i/28e, pertains to the claims in this case. In his Step I grievance, filed on February 27, 2022, Plaintiff stated that he attempted to resolve the issue by telling medical staff and custody staff, Sgt. Lenor[e], Corrections Officer Jacobson, Corrections Officer Parnell, and two non-Defendant nurses that he had a bottom bunk detail. (*Id.* at PageID.114.) Plaintiff described the incident as follows:

> On 2/20/2022 I was placed in Dublin Unit cell 27 top bunk with a bottom bunk medical detail on account that I have seizures. Early Wednesday morning Feb. 23, 2022 I fell off the top bunk and obtained multiple contusions on my head and body,

3

    due to not having my bottom bunk detail honored. I was not moved to bottom bunk until after reporting my injuries.

(*Id.*) The grievance was denied at Step I. (*Id.* at PageID.115.) Plaintiff's Step II and III appeals were also denied. (*Id.* at PageID.11–13.)

Defendant Wakefield contends that Plaintiff failed to properly exhaust his claims against him because he failed to name Defendant Wakefield in his Step I grievance. This is a proper basis for granting summary judgment. "Under the [MDOC's] procedural rules, inmates must include the . . . 'names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).

Defendant Wakefield has met his summary judgment burden of demonstrating that Plaintiff failed to exhaust his claim against Wakefield. The only possible grievance that could have exhausted his claims did not name Defendant Wakefield at Step I. *See Vandiver v. Martin*, 48 F. App'x 517, 519 (6th Cir. 2002) ("The issues [a plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.") Accordingly, Plaintiff's claim against Defendant Wakefield should be dismissed without prejudice.

### III. Conclusion

For the foregoing reasons, I recommend that Defendant Wakefield's motion for summary judgment (ECF No. 34) be **granted** and that Plaintiff's claim against him be **dismissed without prejudice**.

Dated: July 15, 2025                                                  /s/ Sally J. Berens  
                                                                          SALLY J. BERENS  
                                                                          U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).